IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-cr-00229-LKG |
| | ) |
| TIMOTHY SIMS, | ) Dated: September 25, 2024 |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.    INTRODUCTION**

Defendant, Timothy Sims, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 324. This motion is fully briefed. ECF Nos. 324, 329, 332, 337, 348, 353, 357. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** Mr. Sims' motion.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Timothy Sims, is currently serving a sentence of imprisonment after having been convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF Nos. 141, 142. The Defendant was sentenced after pleading guilty to these offenses and admitting to committing two robberies in his Plea Agreement with the Government. ECF Nos. 141, 142; *see also* ECF Nos. 119, 120.

One of the robberies that the Defendant admitted to involved the physical assault and accosting of a victim as the victim was bringing business proceeds into a bank for deposit. ECF No. 348 at 1. The second robbery involved the armed takeover robbery of a First Mariner Bank in Anne Arundel County, Maryland. *Id*. During that robbery, the Defendant and his accomplices entered the bank, brandished firearms, physically forced employees into the teller area, physically grabbed and injured one employee and forced the bank employees to hand over money at gunpoint. *Id*. The Defendant and several accomplices fled the bank, but they were later apprehended by the

police. *Id*.

Pursuant to the Plea Agreement, the Defendant and the Government agreed to make a joint recommendation under Fed. R. Crim. P. 11(c)(1)(C) for a sentence of 25 years of imprisonment for the aforementioned offenses. ECF No. 120; ECF No. 348 at 2. And so, the Court accepted this sentencing recommendation and sentenced the Defendant to 216 months of imprisonment for the armed bank robbery charge (Count Nine of the Superseding Indictment) and 84 months of imprisonment for the Section 924(c) charge (Count Ten of the Superseding Indictment), to run consecutively, for a total of 300 months (25 years) of imprisonment. ECF No. 142. The Defendant has a release date of April 28, 2028. ECF No. 348 at 2.

On February 18, 2022, the Defendant filed a motion to reduce his sentence. ECF No. 324.[1] On July 5, 2023, the Government filed a response in opposition to the Defendant's motion. ECF No. 348. On October 12, 2023, the Government filed a supplemental response to the Defendant's motion. ECF No. 357.

The Defendant's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

#### A.   Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In this regard, Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons

---

[1] The Defendant has also filed several supplements to his motion. ECF Nos. 329, 332, 337.

("BOP").  *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984).  But, in December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA").  *See* Pub. L. 115-391, 132 Stat. 5239 (2018).  Given this, the Court has held that as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first.  *Wiggins*, 2020 WL 4436373, at *2.  And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release.  *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. at *3.  And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the United States Sentencing Commission (the "Commission") in U.S.S.G. § 1B1.13.  *Id*.

The Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).  Relevant to the pending motion, Section 1B1.13 of the Sentencing Guidelines, as recently amended, provides that extraordinary and compelling circumstances include "[t]he incapacitation of the defendant's parent when the defendant would be the only caregiver for the

parent." U.S.S.G. § 1B1.13(3)(C).

IV.    ANALYSIS

Mr. Sims seeks to reduce his sentence, upon the following grounds: (1) his health conditions, which include Supra Ventricular Traccardyia, put him at a high risk of having severe complications following a COVID-19 infection; (2) the need to care for his ailing mother; (3) his accomplishments and disciplinary record while incarcerated; and (4) the fact that, if sentenced today, he would receive a lower sentence. ECF Nos. 324, 332. And so, the Defendant requests that the Court reduce his sentence to time served. ECF No. 324.

The Government opposes the Defendant's motion upon the grounds that he has not shown extraordinary and compelling reasons to warrant a reduction of sentence and the Section 3553(a) factors do not support compassionate release. ECF Nos. 348, 357. And so, the Government requests that the Court deny Mr. Sims' motion. ECF No. 348 at 15.

For the reasons that follow, the Defendant has shown that his need to care for an ailing parent is an extraordinary and compelling reason for compassionate release. But, the Section 3553(a) factors do not support a reduction of the Defendant's sentence. And so, the Court must DENY his motion to reduce sentence.

### A. The Defendant's Need To Care For An Ailing Parent Is Extraordinary And Compelling Reason

As an initial matter, the Defendant has shown that his need to care for his ailing mother is an extraordinary and compelling reason to reduce his sentence under Section 3582(c). Pursuant to Section 3582(c)(1)(A), the Court may modify the Defendant's sentence, if he shows that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *United States v. Wiggins*, 2020 WL 4436373, at *3 (D. Md. Aug 3, 2020). Relevant here, Section 1B1.13 of the Sentencing Guidelines provides that extraordinary and compelling circumstances include "[t]he incapacitation of the defendant's parent when the defendant would be the only caregiver for the parent." U.S.S.G. § 1B1.13(3)(C).

In his motion to reduce sentence, the Defendant states that his mother is elderly and infirm, and that he is her sole caregiver. ECF No. 324 at 2. In this regard, the Defendant further states that recent setbacks in his mother's health "require her to implement weekly and sometimes

daily blood treatments at medical treatment centers that have forced her to alter her work schedule." *Id*. And so, the Defendant represents to the Court that, "[a]s her sole child, [he] would be a source of care and support to his elderly mother who may not have much longer to live." *Id*.

Because Section 1B1.13 of the Sentencing Guidelines provides that extraordinary and compelling circumstances include "[t]he incapacitation of the defendant's parent when the defendant would be the only caregiver for the parent," the Court is satisfied that the Defendant has shown an extraordinary and compelling reason to justify a reduction of his sentence. U.S.S.G. § 1B1.13(3)(C).

The Defendant's other arguments for compassionate release are, however, less persuasive. The Defendant also seeks a reduction of his sentence, because: (1) his health conditions, which include Supra Ventricular Traccardyia, put him at a high risk of having severe complications following a COVID-19 infection; (2) his accomplishments and disciplinary record while incarcerated justify compassionate release; and (3) if sentenced today, he would receive a lower sentence. ECF Nos. 324, 332.

With regards to the Defendant's concerns about contracting a COVID-19 infection, this Court has recognized that the COVID-19 pandemic has had a "material" impact on public health. *United States v. Williams*, 2020 WL 1434130, at *2 (D. Md. Mar. 24, 2020). But, on May 11, 2023, the President and the Centers for Disease Control and Prevention issued a proclamation declaring that COVID-19 is no longer a national pandemic due to advancements in developing a vaccine, which has led to lower contraction and infection rates. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html. And so, the Defendant fails to show that he is at more risk of, or more vulnerable to, injury due to COVID-19 than other incarcerated individuals or members of the general public who may have similar underlying health conditions.

The Court also observes that the evidence before the Court shows that the Defendant is receiving appropriate care for his health conditions. In this regard, the Defendant's medical records show that he suffers from several health conditions, including a heart condition which is serious. ECF No. 324 at 2. But, the Defendant's medical records also make clear that he has been appropriately treated for this condition while incarcerated. ECF No. 348-1; ECF No. 348-2. The medical records also do not indicate that the Defendant's health conditions are life threatening. Given this, the Defendant has not shown that his health condition constitutes an extraordinary and

compelling reason to warrant a reduction of his sentence.

The Defendant's argument that the Court should reduce his sentence, because he would receive a lower sentence if sentenced today, is also unsubstantiated. ECF 332 at 16. As the Government explains, the law governing the Defendant's sentence appears to be the same today as it was as at the time of sentencing. ECF No. 348 at 11-12; *see also* 18 U.S.C. §§ 2113(d); 924(c)(1)(A)(ii). The Defendant also identifies no change in the applicable Sentencing Guidelines to support his argument. *See* ECF Nos. 324, 327, 332, 353. Given this, the Defendant simply has not shown that he would receive a lower sentence, if he were sentenced today.

The Defendant's laudable personal and educational accomplishments while incarcerated also do not constitute an extraordinary and compelling reason to reduce his sentence. And so, with the exception of the need to care for his ailing mother, the Defendant's stated reasons for reducing his sentence do not constitute compelling and extraordinary reasons under Section 3582(c)(1)(A).

**B. The Section 3553(a) Factors Do Not Support Compassionate Release**

While the Defendant has shown that caring for his ailing mother is an extraordinary and compelling reason for the Court to reduce his sentence, the factors set forth in 18 U.S.C. § 3553(a) do not support granting such relief for several reasons.

First, the nature of the Defendant's offenses in this case are quite serious. The Defendant stands convicted of committing armed bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF Nos. 141, 142. One of these robberies involved the physical assault and accosting of a victim. ECF No. 348 at 1. During the second robbery, the Defendant and his accomplices entered the bank, brandished firearms, physically forced employees into the teller area, physically grabbed and injured one employee and forced the bank employees to hand over money at gunpoint. *Id*. And so, the serious and violent nature of these crimes warrant the sentence imposed by the Court.

With regards to the Defendant's history and characteristics, the Defendant correctly observes that he does not have an extensive criminal history. But the Defendant was previously convicted of an armed burglary offense in 2005. *Id*. at 13. Notably, the Defendant was on probation for this offense when he committed the robberies at issue in this case. *Id*. at 14. In addition, as discussed above, neither the Defendant's health conditions, nor his personal and

educational accomplishments while incarcerated justify compassionate release, given the serious nature of the offenses in this case.

As a final matter, the Court observes that the purposes of sentencing are not served by reducing the Defendant's sentence. The Court imposed a sentence of 216 months of imprisonment for the armed bank robbery charge and 84 months of imprisonment for the Section 924(c) charge, to run consecutively, for a total of 300 months (25 years) of imprisonment. ECF No. 142. The sentence imposed by the Court reflects the serious nature of these offenses. A reduction of this sentence would also undermine the need to deter others from engaging in such criminal conduct. And so, for these reasons, the Court must DENY the Defendant's motion to reduce sentence.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Sims' motion to reduce sentence.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge