**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY SIMS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Criminal Action No. 07-cr-00229-LKG<br>)<br>)   Dated: May 19, 2026<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.       INTRODUCTION**

Defendant, Timothy Sims, has renewed his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 377.  This motion is fully briefed.  ECF Nos. 377, 383 and 402.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2025).   For the reasons that follow, the Court: (1) **GRANTS** Mr. Sims' motion to reduce sentence (ECF No. 377) and (2) **REDUCES** his sentence to time served.

**II.      BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Timothy Sims, is currently serving a sentence of imprisonment after having been convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  ECF Nos. 141 and 142.  Mr. Sims' anticipated release date is October 4, 2027. ECF No. 383 at 3.

Mr. Sims was sentenced after pleading guilty to these offenses and admitting to committing two robberies in his Plea Agreement with the Government.  ECF Nos. 141 and 142; *see also* ECF Nos. 119 and 120.  One of the robberies that Mr. Sims admitted to involved the physical assault and accosting of a victim as the victim was bringing business proceeds into a bank for deposit. ECF No. 348 at 1.  The second robbery involved the armed takeover robbery of a First Mariner Bank in Anne Arundel County, Maryland.  *Id.*

During that robbery, Mr. Sims and his accomplices entered the bank, brandished firearms, physically forced employees into the teller area, physically grabbed and injured one employee and

1

forced the bank employees to hand over money at gunpoint. *Id.* at 1-2. Mr. Sims and several accomplices fled the bank, but they were later apprehended by the police. *Id.* at 2.

Pursuant to the Plea Agreement, Mr. Sims and the Government agreed to make a joint recommendation under Fed. R. Crim. P. 11(c)(1)(C) for a sentence of 25 years of imprisonment for the aforementioned offenses. ECF No. 120; *id.* at 2. And so, the Court accepted this sentencing recommendation and sentenced Mr. Sims to 216 months of imprisonment for the armed bank robbery charge (Count Nine of the Superseding Indictment) and 84 months of imprisonment for the Section 924(c) charge (Count Ten of the Superseding Indictment), to run consecutively, for a total of 300 months (25 years) of imprisonment. ECF No. 142; ECF No. 383 at 2.

On September 25, 2024, the Court issued a memorandum opinion and order denying Mr. Sims' motion for compassionate release. ECF No. 373. In that opinion, the Court held that Mr. Sims had shown an extraordinary and compelling reason for compassionate release, because he is the sole caregiver for his ailing and elderly mother, who may not have much longer to live. *Id.*; *see also* U.S.S.G. at § 1B1.13(3)(C). But the Court held that the relevant Section 3553(a) factors did not support compassionate release, because: (1) the nature of the Defendant's offenses in this case are quite serious; (2) the Defendant was previously convicted of an armed burglary offense in 2005; (3) the sentence imposed by the Court reflects the serious nature of these offenses; and (4) a reduction of this sentence would undermine the need to deter others from engaging in such criminal conduct. ECF No. 373. And so, the Court denied Mr. Sims' motion. *Id.*

On March 20, 2025, Mr. Sims filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 377. On April 29, 2025, the Government filed a response in opposition to the motion. ECF No. 383. On September 8, 2025, Mr. Sims filed a reply brief. ECF No. 402.

The Defendant's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A. Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]"   18 U.S.C. § 3582(c); *see*; *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (Rushing, J., dissenting).   But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United*

2

*States*, 564 U.S. 522, 526 (2011).   One such exception to this rule is when the modification is "expressly permitted by statute." 1 8 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In this regard, Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug. 3, 2020).   Section 3582 was adopted as part of the Sentencing Reform Act of 1984.  *Id*.   The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP").  *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984).   But, in December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA").  *See* Pub. L. 115-391, 132 Stat. 5239 (2018).  Given this, the Court has held that as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first.   *Wiggins*, 2020 WL 4436373, at *2 (alterations in original).  And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release.  *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

*Id*. at *3.   And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his

sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the United States Sentencing Commission (the "Commission") in U.S.S.G. § 1B1.13.  *Id.*

The Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t).  Relevant to the pending motion, Section 1B1.13 of the Sentencing Guidelines, as recently amended, provides that extraordinary and compelling circumstances include "[t]he incapacitation of the defendant's parent when the defendant would be the only caregiver for the parent."  U.S.S.G. § 1B1.13(3)(C).

## IV.    ANALYSIS

Mr. Sims seeks to reduce his sentence, upon the following grounds: (1) his 25-year sentence length is "atypical," when compared to a murder sentence; (2) his sentence is "more than double the national average for his crimes;" (3) his post-conviction rehabilitation warrants a sentence reduction; (4) he is not at risk of recidivism; and (4) he suffered a debilitating injury due to the BOP's negligence while incarcerated.  ECF No. 377.  And so, Mr. Sims requests that the Court reduce his sentence to time served.   ECF Nos. 377 and 402.

The Government opposes Mr. Sims' motion upon the grounds that the Section 3553(a) factors do not support compassionate release.  ECF Nos. 383.  Specifically, the Government argues that Court should not reduce Mr. Sims' sentence, because: (1)  the 25-year sentence imposed by the Court reflects the violent and serious nature of the offenses; (2) Mr. Sims' focus on average sentences fails to take into account the individual circumstances of his case; (3) Mr. Sims' reliance upon comparison cases also fails to take into account the specific facts of his case; (4) Mr. Sims' criminal history supports the sentence imposed by the Court; (5) Mr. Sims' post-conviction rehabilitation, conditions of confinement and Achilles tendon injury do not mitigate the serious nature of his offenses, or warrant a sentence reduction; and (6) a reduction of sentence would undermine the need to deter others from engaging in similar criminal conduct. *Id*. at 4-13.  And so, the Government requests that the Court deny Mr. Sims' motion.  *Id.* at 13.

For the reasons that follow, the Court GRANTS Mr. Sims' motion to reduce sentence.

### A.  The Defendant Has Shown An Extraordinary And Compelling Reason

As an initial matter, the Court has previously held that Mr. Sims has shown that his need

to care for his ailing mother is an extraordinary and compelling reason to reduce his sentence under Section 3582(c).  ECF No. 373 at 4-6; *see also* U.S.S.G. § 1B1.13(3)(C) (providing that extraordinary and compelling circumstances include "[t]he incapacitation of the defendant's parent when the defendant would be the only caregiver for the parent.").  And so, the Court considers whether the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction of Mr. Sims' sentence and whether a sentence modification is consistent with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.  *United States v. Wiggins*, 2020 WL 4436373, at *3 (D. Md. Aug. 3, 2020).

### B.  The Section 3553(a) Factors Support A Reduced Sentence

Having carefully considered Mr. Sims' motion and the Government's response in opposition thereto, the Court is now satisfied that the relevant Section 3553(a) factors support a modest reduction of Mr. Sims' sentence.  In his motion to reduce sentence, Mr. Sims argues that the Court should reduce his 25-year sentence, because (1) this sentence length is "atypical," when compared to the average length of a murder sentence; (2) this sentence is also "more than double the national average for his crimes;" (3) his post-conviction rehabilitation warrants a sentence reduction; (4) he is not at risk of recidivism; and (5) he suffered a debilitating injury due to the BOP's negligence while incarcerated.  ECF No. 377.  While none of these circumstances alone warrant a sentence reduction, the combination of these factors supports a modest reduction of Mr. Sims' sentence for several reasons.

First, the Court observes that the nature and circumstances of the subject offenses warrant a significant sentence of incarceration and Mr. Sims has served the majority of this sentence.  As the Court previously held, the nature of Mr. Sims' offenses in this case are quite serious.  ECF No. 373 at 6.  He stands convicted of committing armed bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  ECF Nos. 141 and 142.  Notably one of these robberies involved the physical assault and accosting of a victim.  ECF No. 348 at 1.  And so, as the Court also previously held, the serious and violent nature of these crimes warrant the 25-year sentence imposed by this Court.  ECF No. 373 at 7.

Mr. Sims has now served the majority of this sentence.  He has been incarcerated since 2008 (approximately 18 years), and the Government states that Mr. Sims' expected release date is October 4, 2027.  ECF No. 383 at 3.  And so, the Court is satisfied that the significant sentence that

Mr. Sims has already served has had a deterrent effect on him and, more generally, on the general public.

Second, with regards to Mr. Sims' history and characteristics, the Court has previously noted that Mr. Sims does not have an extensive criminal history. ECF No. 373 at 6. Nonetheless, the Government correctly observes that Mr. Sims was previously convicted of an armed burglary offense in 2005 and Mr. Sims was on probation for this offense when he committed the robberies at issue in this case. ECF No. 383 at 9-10. Given this, Mr. Sims' relatively limited criminal history, alone, is not sufficient to justify a sentence reduction.

But, the Court must also take into account Mr. Sims' undisputed and significant rehabilitation during his period of incarceration. In this regard, it is undisputed that Mr. Sims has earned a bachelor's degree, become HVAC certified, maintained employment and completed numerous programs during his period of incarceration. ECF No. 377 at 6-7; ECF No. 383 at 10. It is also undisputed that Mr. Sims has not received any disciplinary reports during his almost two decades of incarceration. ECF No. 377 at 6; ECF No. 383. The Court commends Mr. Sims for these accomplishments. While Mr. Sims' post-conviction incarceration alone cannot justify a reduction of his sentence, this accomplishment also weighs in favor of a sentence reduction.

The evidence before the Court also shows that there is a significant sentencing disparity in this case. Mr. Sims argues, and the Government does not dispute, that Mr. Sims' 25-year sentence for armed bank robbery, in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), is "atypical," when compared to the average sentence for murder, and this sentence is also "more than double the national average" for these offenses. ECF No. 377 at 3-5.

In this regard, Mr. Sims argues, and the Government does not dispute, that the average national sentence for murder in 2023 was 23 years, 9 months and the average sentence for murder in this District in 2023 was 25 years, 10 months. ECF No. 377 at 2. Given this, the 25-year sentence imposed in this case exceeds the national average sentence for murder. The sentence imposed by the Court is also generally more in alignment with the average sentence imposed for murder in this District.

More significantly, the length of Mr. Sims' sentence is much longer than the average sentence for similarly situated defendants. Mr. Sims argues, and the Government does dispute, that the average sentence in 2023 for the offenses at issue in this case, for a defendant with the same

criminal history score, is 12 years.  And so, it is undisputed that Mr. Sims' sentence is more than twice the length of the average sentence for his crimes.

Lastly, Mr. Sims argues with persuasion that he poses little to no risk of recidivism upon his released from prison.  Mr. Sims states, and the Government does not dispute, that the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") classifies him "at the lowest level of recidivism risk."  ECF No. 377 at 7.  The Court also observes that Mr. Sims has already served 18 years of his 25-year sentence and that his early release would occur approximately 18 months before his expected release date.  Given this, it is not clear to the Court that requiring Mr. Sims to serve the remainder of his sentence would reduce any risk of recidivism, deter future criminal conduct, or protect the public.

In sum, the Court has previously recognized that the 25-year sentence imposed in this case reflects the serious and violent nature of Mr. Sims' offenses.  But, after carefully considering the record before it, the Court is satisfied that the important purposes of this sentence have been accomplished, given the length of Mr. Sims' 18-year incarceration and his significant post-conviction rehabilitation.[1]

Given this, the Court will modestly reduce Mr. Sims' sentence to time served.  And so, for these reasons, the Court GRANTS the Defendant's motion to reduce sentence.

## V.      CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Mr. Sims' motion to reduce sentence (ECF No. 377); and

(2) **REDUCES** Mr. Sims' sentence to time served.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[1] Mr. Sims also raises other arguments in support of his motion to reduce sentence, including a "debilitating injury," that the Court need not address to resolve the motion.  ECF Nos. 377 and 402.